UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

    Laurestine Hatchett,                                       Case No. 17-45163-MBM
                                                                    Chapter 7
                          Debtor.                            Hon. Marci B. McIvor
_____/

Homer W. McClarty, Chapter 7 Trustee,

                 Plaintiff,

v.                                                                               Adv. P. No. 17-04700-MBM

Elbert Hatchett, Elbert L. Hatchett, P.C.,
Hatchett, Dewalt & Hatchett, PLC, and
the United States Government, through the
its agent, the Internal Revenue Service,

                 Defendants.
_____/

**OPINION DENYING THE INTERNAL REVENUE SERVICE'S MOTION TO DISMISS**

      This matter is before the Court on a Motion to Dismiss filed by the Internal Revenue Service ("IRS"). Plaintiff/Trustee's adversary complaint alleges that debtor, Laurestine Hatchett, used her assets to pay federal tax liabilities owed by her husband, Elbert Hatchett, and/or his law firm. The Trustee claims that the payments constitute fraudulent transfers under 11 U.S.C. §§ 544(a) and (b), and seeks to recover the payments for Debtor's bankruptcy estate. The IRS asserts that the Trustee's claims are barred by sovereign immunity. For the reasons stated in this Opinion, the Motion to Dismiss is denied.

                                                            **I.  Factual Background**

      In December, 2014, debtor Laurestine Hatchett's children, Ayanna and Franklin Hatchett, were appointed co-conservators of Debtor based on Debtor's mental disability.

In December, 2014, Debtor's husband, Elbert Hatchett, and their daughter, Ayanna, were appointed Debtor's co-guardians.

In early 2015, a Florida condominium owned 50/50 by Debtor and her son, was sold for $335,000. The sale was approved by the probate court.

After payment of property taxes, closing costs, and recorded liens (including an uncontested IRS tax lien against Debtor of $16,589.56), Debtor was entitled to net proceeds of $122,827.09.

Debtor's son/co-conservator, Franklin Hatchett, turned Debtor's proceeds over to Debtor's husband/co-guardian, Elbert Hatchett, who deposited the funds into an account in the name of his law firm, defendant Hatchett, DeWalt & Hatchett. Some portion of those proceeds (between $75,000 and $104,000) were used to pay the IRS for tax liabilities owed by Elbert Hatchett and/or his law firm.

On April 6, 2017, an involuntary Chapter 7 petition was filed against debtor Laurestine Hatchett.

On June 6, 2017, an Order for Relief was entered by the Court.

On October 6, 2017, the Trustee filed the present adversary complaint against Elbert Hatchett, his law firm, and the IRS, seeking to avoid and recover the tax payments made to the IRS. The Trustee asserts that the money used to pay the tax liabilities of Elbert Hatchett and his law firm belong to Debtor's bankruptcy estate, and the payments constitute fraudulent transfers pursuant to 11 U.S.C. §§ 544(a) and (b).

On December 8, 2017, the IRS filed the present Motion to Dismiss the Trustee's complaint. The IRS asserts that as an agency of the federal government, it has sovereign

immunity and cannot be sued by the Trustee.

On February 9, 2018, the Trustee filed a response to the IRS's motion. The Trustee asserts that pursuant to 11 U.S.C. § 106(a), Congress waived sovereign immunity as to actions brought by a bankruptcy trustee under § 544 of the Bankruptcy Code, and that the IRS's Motion to Dismiss must be denied.

On March 13, 2018, the IRS filed a reply to the Trustee's response.

On April 17, 2018, the Court heard oral argument on the Motion to Dismiss. The Motion was denied on the record, and the Court indicated that this written Opinion would follow.

## II. Standard for Dismissal under Fed. R. Civ. P. 12(b)(1)

A Motion to Dismiss under Rule 12(b)(1)(made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012) challenges a federal court's subject matter jurisdiction. A defendant may move to dismiss under Rule 12(b)(1) if the complaint does not allege sufficient grounds to establish subject matter jurisdiction on its face, or by factually contesting the plaintiff's allegations that subject matter jurisdiction exists. Establishing jurisdiction in an action against the United States includes establishing that there has been a waiver of sovereign immunity. *U.S. v. Dalm,* 494 U.S. 596, 608 (1980). "Under settled principles of sovereign immunity, 'the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (citations and quotations omitted).

## III. Analysis

3

A. **Overview of the Relevant Statutes**

   1. **11 U.S.C. § 544(b)(1) and 11 U.S.C. § 548**

Fraudulent transfers can be avoided under two different sections of the Bankruptcy Code: 11 U.S.C. § 548, which creates a body of federal fraudulent transfer law, and 11 U.S.C. § 544(b), which gives the trustee power to avoid a fraudulent transfer by the debtor if the transfer would be voidable by one of the debtor's creditors under state law. Specifically, § 544(b)(1) permits a trustee to step into the shoes of an actual creditor who has a fraudulent transfer remedy under other "applicable law" (i.e. a state fraudulent transfer statute) and exercise that creditor's remedies on behalf of the bankruptcy estate. 11 U.S.C.§ 544(b)(1) provides, in relevant part, that a "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. . . "

The key difference between an action under § 548 and an action under § 544(b)(1) is the reach-back period. Section 548, captures only transfers made in the two years preceding the filing of the bankruptcy. Section § 544(b)(1) looks to the specific state statute's reach-back period, which is generally longer than two years. Thus, a bankruptcy trustee seeking to recover transfers made more than two years prior to the filing of the bankruptcy must file an action under § 544(b)(1).

   2. **Sovereign Immunity and Section 544(b)(1)**

The doctrine of sovereign immunity bars all lawsuits against the United States or its agencies in the absence of its consent as expressly manifested by Congress. *Block v. North Dakota*, 461 U.S. 273 (1983). This doctrine has its origin in the English concept that the
4

governing royalty should be permitted to exercise his or her authority undisturbed by liability. *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction* 2d § 3654 (2015). As applied in its modern context, sovereign immunity is grounded in the practical realization that essential governmental activities should not be interrupted or slowed by litigation or liability. *Id*. Sovereign immunity operates to deprive a court of subject matter jurisdiction over the suit unless the sovereign consents to be sued. *Id*.

If Congress has expressly abrogated sovereign immunity, such consent must be read narrowly, with any ambiguities construed in favor of immunity. *F.A.A. v. Cooper,* 566 U.S. 284, 290-91 (2012). Congress may provide the conditions under which an action can be maintained against the United States. *Stanley v. CIA*, 639 F.2d 1146, 1156 (5th Cir.1981), cert. denied, 483 U.S. 1020 (1987).

Congress has expressly abrogated sovereign immunity for actions brought under 59 sections of the Bankruptcy Code. 11 U.S.C. § 106 (which went into effect with the Bankruptcy Reform Act of 1994), provides, in relevant part:

> Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> > (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, **544**, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
> > . . .

11 U.S.C. § 106(a)(1)(emphasis added).[1]

---

[1] The term "governmental unit" is defined at 11 U.S.C. § 101(27) broadly to include all federal, state and local government entities.

## B. Is the Trustee's Fraudulent Transfer Action against the IRS Barred by the Doctrine of Sovereign Immunity?

In the present case, the Trustee is suing the IRS to recover alleged fraudulent transfers under § 544(b)(1) pursuant to the Michigan Uniform Voidable Transactions Act (Mich. Comp. Laws Ann. §§ 566.31-566.43). Notwithstanding the plain language of 11 U.S.C. § 106(a)(1), the IRS argues that its immunity has not been abrogated as to suits under § 544(b)(1) because there is no actual creditor who could maintain a cause of action against the IRS, if a creditor attempted to sue the IRS in state court under state law.

The scope of the Bankruptcy Code's abrogation of immunity as applied to fraudulent transfer actions under § 544(b)(1) has not been addressed by the U.S. Supreme Court or the Sixth Circuit Court of Appeals, thus this Court is not bound by Sixth Circuit law. Fortunately, however, the Ninth Circuit Court of Appeals recently addressed this identical issue in *Zazzali v. U.S. (In re DBSI, Inc.)*, 869 F.3d 1004 (9th Cir. 2017). That case involved DBSI, Inc. which was set up as an "S" corporation. While the company was operating, it made tax payments to the IRS on behalf of its shareholders. "Tax payments were handled in this manner because S corporations do not themselves pay taxes on corporate income, rather the tax liability is passed through to the corporation's shareholders." *Id*. at 1007. A total of $17 million was paid to the IRS on behalf of the shareholders. *Id*. DBSI later filed a Chapter 11 bankruptcy, and the trustee filed an adversary proceeding to recover the tax payments as fraudulent transfers to the IRS under several theories, including § 544(b)(1) and Idaho's Uniform Fraudulent Transfer Act. *Id*. at 1007-08.

The IRS moved to dismiss the claim on the grounds that the tax payments were not "avoidable under applicable law by a creditor holding an unsecured claim" because the federal

government cannot be sued under state law unless it has waived sovereign immunity with respect to the claim. The IRS argued that since the federal government had not abrogated sovereign immunity as to claims under the Idaho fraudulent conveyance statute, it was immune from suit under § 544(b)(1). The bankruptcy court rejected the IRS's argument, holding that § 106(a)(1) abrogated the IRS's sovereign immunity. Both the district court and the Ninth Circuit Court of Appeals affirmed the bankruptcy court's decision.

In ascertaining the meaning of §§ 106(a)(1) and 544(b)(1), the Ninth Circuit first looked at the "particular statutory language at issue" and "the language and design of the statute as a whole." *Id*. at 1010 (citations omitted). The court summarized how section 544(b) operated, noting that it simply permits a trustee to recover in a case in which an actual creditor could invalidate a transaction. *Id*. at 1010. While acknowledging that no creditor of DBSI could invalidate the tax payments outside of bankruptcy because of sovereign immunity, it found the language of § 106 to be clear and straightforward. "[R]ead in light of Section 106(a)(1)'s clear abrogation of sovereign immunity, Section 544(b)(1) can only mean one thing: a trustee need only identify an unsecured creditor ,who, *but for* sovereign immunity, could bring an avoidance action against the IRS." *Id*. (emphasis added).

The Ninth Circuit's broad reading of section 106 was bolstered by the fact that section 106(a)(1) was enacted *after* section 544(b)(1). As a consequence, when Congress passed 106(a)(1), it was, presumably, well aware of the fact that section 544(b) allowed a trustee to bring claims derived from applicable state law, a power that had been included in the Bankruptcy Code at the time the Code was enacted in 1978, and had existed under the Bankruptcy Act of 1898. *Id*. at 1011. The court concluded that when Congress included section 544 among the

7

Bankruptcy Code sections for which sovereign immunity was abrogated, it meant to include the underlying state law claims as well. *Id.*

Finally, the Ninth Circuit found that adopting the IRS's interpretation of § 106(a)(1) "would essentially nullify [that section's] effect on Section 544(b)(1)," a result the court sought to avoid. The court explained:

> Adopting the government's position would mean that Section 106(a)(1)'s abrogation of sovereign immunity would have no effect on Section 544(b)(1) because a trustee would always need to demonstrate that Congress provided for a separate waiver of sovereign immunity with respect to any "applicable law." As one bankruptcy court deftly put it,
>
>> Why would Congress explicitly waive sovereign immunity for all other avoidance actions under the Bankruptcy Code, and include a waiver of sovereign immunity for actions under section 544 knowing that section 544 encompasses state law theories, but then require a separate waiver of sovereign immunity for the necessary state law component in actions under section 544?
>
> *Furr v. U.S. Dep't of Treasury (In re Pharmacy Distrib. Servs., Inc.*), 455 B.R. 817, 821 (Bankr. S.D. Fla. 2011). The government insists that Section 106(a)(1)'s waiver of sovereign immunity would not be rendered meaningless if we adopted its approach. However, we find the government's arguments unavailing.

*Id*. at 1011-12. The Ninth Circuit concluded that the text of § 106(a)(1) "is unambiguous and clearly abrogates sovereign immunity as to Section 544(b)(1), including the underlying state law cause of action.. . . Congress unambiguously and unequivocally waived sovereign immunity for causes of action brought under Section 544(b)(1)." *Id*. at 1013.

The Ninth Circuit's holding is consistent with the vast majority of lower courts which have addressed the issue, *e.g. VMI Liquidating Trust v. U.S. (In re Valley Mortg., Inc.),* 2013 WL 5314369 (Bankr. D. Colo. Sept. 18, 2013); *David Cutler Indust., Ltd. v. Pennsylvania (In re David Cutler Industries, Ltd.)*, 471 B.R. 110 (Bankr. E.D. Pa. 2012); *Furr v. Internal Revenue Service (In re Pharmacy Distributor Svces., Inc.)*, 455 B.R. 817 (Bankr. S.D. Fl. 2011), and the

thorough and well-reasoned opinion issued by another court in this district, *Kohut v. Wayne County Treasurer (In re Lewiston)*, 528 B.R. 387 (Bankr. E.D. Mich. 2015).

In *Lewiston*, the Chapter 7 trustee sought to recover property taxes from the Wayne County Treasurer under § 544(b)(1). The property taxes were paid directly by the debtor even though the taxes were business obligations not personally owed by the debtor. Since the taxes were not personally owed by the debtor, the Chapter 7 trustee argued that the payments were fraudulent transfers which could be recovered under § 544(b)(1). The defendant Wayne County Treasurer moved to dismiss the trustee's complaint on the grounds that it was protected from suit by sovereign immunity. The court rejected Wayne County's argument, stating,

> In sum, the Court is persuaded that § 106(a)(1)'s abrogation of sovereign immunity with respect to § 544(b)(1) means just what the statute says: sovereign immunity is abrogated with respect to § 544. There is no limitation or restriction on the abrogation accomplished by that statute. Regardless of how sovereign immunity may be invoked by Wayne County in a fraudulent transfer action brought under MUFTA [now known as MUVTA] against it outside of a bankruptcy case, Wayne County's right to assert sovereign immunity in a fraudulent transfer action brought under MUFTA by the Trustee under § 544(b)(1) is abrogated.

*Lewiston*, 528 B.R. at 397.

Notwithstanding the well reasoned Ninth Circuit opinion and the case law cited above, the IRS argues strenuously that the IRS's immunity from suit has not been abrogated by § 106(a). As discussed above, the crux of the IRS's argument is that § 544(b)(1) requires that an actual creditor exist who could sue the IRS in state court. Because the IRS has never waived its immunity from suit based on a state law cause of action in state court, the IRS argues that no actual creditor exists who could bring a fraudulent transfer action in state court against the IRS. According to the IRS, since outside of bankruptcy the IRS could not be sued, the IRS is immune

9

from suits brought under § 544(b)(1).

In support of this argument, the IRS relies on an opinion issued by the U.S. Court of Appeals for the Seventh Circuit, *In re Equipment Acquision Resources, Inc.,* 742 F.3d. 743 (7th Cir. 2014)(hereinafter "EARS"). In that case, the Seventh Circuit concluded that absent the existence of an actual creditor who could prevail in a state court action against the IRS (i.e. a creditor whose shoes the bankruptcy trustee could step into for purposes of bringing a derivative state court action under § 544(b)(1)), waiver of immunity under § 106(a)(1) does not permit a trustee to seek recovery from the IRS. The Seventh Circuit concluded that the IRS's state law immunity is a valid defense to the Trustee's suit for the recovery of a fraudulent transfer under § 544(b)(1). *See also Pyfer v. Katzman (In re Nat'l Pool Construction, Inc.).* 2015 WL 394507 (Bankr. D.N.J.), and *Field v. Montgomery Cty., Md. (In re Anton Motors, Inc.)*, 177 B.R. 58 (Bankr. D. Md. 1995).

This Court finds the reasoning of the Ninth Circuit, and that of my colleague from this District, to be far more persuasive than the reasoning of the Seventh Circuit. This Court acknowledges that the Bankruptcy Code's abrogation of sovereign immunity as to suits brought pursuant to § 544(b)(1) allows a trustee to bring a fraudulent transfer action that could not have been brought absent the abrogation of immunity. But that is precisely the point of § 106(a)(1). One of the primary goals of bankruptcy is to provide a mechanism for the orderly liquidation of assets and the orderly distribution of assets to a debtor's creditors. *DBSI*, 869 F.3d at 1015; *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1204 (9th Cir. 2005). To effectuate this goal, the Bankruptcy Code permits trustees to recover assets fraudulently transferred by a debtor prior to bankruptcy so that those assets may be distributed to *debtor's* creditors. If a party

received a pre-bankruptcy payment from a debtor in payment of an obligation that was *not* an obligation of the debtor, and for which the debtor received no value, that payment *must* be recovered for the benefit of *debtor's* creditors.

It is undisputed that Debtor does not have a tax liability to the IRS. In its fraudulent transfer action under § 544(b)(1), the Trustee is simply seeking to recover money that Debtor should have used to pay her own creditors. In abrogating governmental immunity for suits brought under § 544, Congress's clear intention was that the fraudulently transferred property must be recovered for the benefit of *Debtor's* creditors, regardless of the status of the recipient of the fraudulent transfer. In light of the clear language of § 106(a), the Court finds the IRS's argument that it should be protected from defending fraudulent transfer suits on the merits unpersuasive.

**C. Does a Fraudulent Transfer Action under § 544(b)(1) Create a Substantive Cause of Action that Runs Afoul of 11 U.S.C. § 106(a)(5)?**

The IRS also argues that 11 U.S.C. § 106(a)(5) precludes the Trustee from pursuing a fraudulent transfer action against the IRS. That section states, in relevant part:

> Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

11 U.S.C. § 106(a)(5). The IRS asserts that permitting a Trustee to bring suit against the IRS creates a cause of action not available to a creditor outside of bankruptcy, and therefore creates a substantive claim for relief which does "not otherwise" exist under bankruptcy or non-bankruptcy law. If the Trustee's cause of action is contrary to § 106(a)(5), immunity is not abrogated by § 106(a).

As one would expect, in reviewing the few cases that expressly address § 106(a)(5), the courts which conclude that § 106(a)(1) abrogates sovereign immunity as to fraudulent transfer actions brought under § 544(b)(1), also conclude that a fraudulent transfer action is a substantive cause of action authorized by both federal bankruptcy law and state law. *See Lewiston*, 528 B.R. at 395 n.5 (an action under § 544(b)(1) is a federal cause of action with state law supplying the substantive law; a trustee must still prove all of the elements of a fraudulent transfer action); *Furr v. Internal Revenue Service (In re Pharmacy Distributor Services, Inc.)*, 455 B.R. 817, 824 n.3 (Bankr. S.D. Fl. 2011)(trustee's 544 claim is a commonplace fraudulent transfer action; "no part of the [t]rustee's claim was created solely by the application of section 106 itself, and thus there is no violation of section 106(a)(5)").

This Court could find only one case in which the court, after concluding that immunity from suit was not waived as to suits brought under § 544(b)(1), went on to discuss 11 U.S.C. § 106(a)(5). *See Field v. Montgomery County (In re Anton Motors, Inc.)*, 177 B.R. 58, 64 (Bankr. D.Md. 1995)(because unsecured creditor could not bring suit against the state of Maryland, trustee's suit created a new substantive cause of action which violated § 106(a)(5)).

After reviewing the relevant case law, this Court rejects the IRS's argument that § 106(a)(5) defeats the Trustee's suit under § 544(b)(1). The substantive cause of action that the Trustee is pursuing against the IRS is a fraudulent transfer action, permitted under otherwise existing law, specifically, § 544(b)(1). The fact that the IRS could assert the *defense* of sovereign immunity *outside* of bankruptcy against an unsecured creditor has no bearing on the availability of that defense against a trustee *inside* bankruptcy. This Court understands the IRS's argument that, by reading § 106 (a)(1) to permit the Trustee's suit, it is allowing the Trustee to

12

bring a cause of action against it that an unsecured creditor in state court would not be able to bring, but that does not, in this Court's view, create a substantive cause of action that does not otherwise exist. This Court's ruling simply recognizes that there are defenses available in state court that are not available in federal court under the Bankruptcy Code. In sum, because a fraudulent transfer action does not create a new substantive cause of action, § 106(a)(5) does not protect the IRS from having to defend a fraudulent transfer action on the merits.

For the reasons set forth above, this Court concludes that 11 U.S.C. § 106(a) abrogates the IRS's immmunity from suits brought by a trustee under 11 U.S.C. § 544(b)(1) and Michigan's fraudulent transfer statute.

**D. Preemption**

The IRS also seeks to dismiss the Trustee's suit on the grounds of federal preemption. The IRS argues that the Trustee's ability to recover a fraudulent transfer is preempted by the Internal Revenue Code (Title 26 of the U.S. Code; )("IRC"). The doctrine of preemption arises out of the Supremacy Clause of the United States Constitution. The Supremacy Clause provides, in relevant part, that "the Laws of the United States ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST., Art. VI, cl. 2. Where a state law conflicts with or frustrates a federal law, state law must yield. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 (1993); *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981).

The United States Supreme Court has explained that the Supremacy Clause preempts state law in three circumstances. *English v. General Elec. Co.*, 496 U.S. 72, 78 (1990). First, there is express preemption, whereby Congress explicitly defines the extent to which its

pronouncements preempt state law. *Id.*; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–98 (1983). In the context of express preemption, congressional intent controls. *English*, 496 U.S. at 79. Second, absent explicit direction from Congress, state law is preempted where it "regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *English*, 496 U.S. at 79. Such intent may be "inferred from a 'scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.*, (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Third, under the doctrine of conflict preemption, a state law is preempted "to the extent that it actually conflicts with federal law." *English*, 496 U.S. at 79. The Supreme Court has determined that state laws are preempted "where it is impossible for a private party to comply with both state and federal requirements, *see, e.g., Florida Lime and Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963), or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *English*, 496 U.S. at 79 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

      The IRS's argument with regards to preemption is based primarily on the second type of preemption, that is, state law is preempted where state law attempts to regulate conduct in a field that "Congress intended the Federal Government to occupy exclusively." The IRS argues that the IRC is a comprehensive, integrated scheme that occupies the field and controls, to the exclusion of state law, the circumstances under which the IRS receives payments, and forcibly collects, refunds, repays or released amounts collected. The IRS characterizes the Trustee's

14

action as a state law cause seeking a refund of federal taxes, and then argues that the use of state law to recover taxes is preempted by the IRC.

The flaw in the IRS's argument is that it mischaracterizes the nature of the Trustee's suit.

If this case was about collecting or refunding federal taxes, the Court would agree that the IRC controls the resolution of all issues. This case, however, has nothing to do with the collection or refund of Debtor's taxes. The parties agree that debtor, Laurestine Hatchett, has no outstanding federal tax issues– she has no outstanding federal tax due, nor is she seeking a refund or adjustment of any prior federal taxes paid. What the Trustee seeks to recover is property of the Debtor (and Debtor's estate) which was given to the IRS to pay *someone else's* tax obligations. The IRS is not a creditor in this action, it is, allegedly, the recipient of a fraudulent transfer. Section 544(b)(1) is a federal cause of action which permits a trustee to recover fraudulently transferred property *in a federal court* using a state law statute of limitations. As the Ninth Circuit stated in *DBSI*, § 544(b)(1) "does not authorize a trustee to bring an avoidance action in state court, rather the statute permits a trustee to pursue a federal cause of action in bankruptcy court.. . Simply put, we fail to see any Supremacy Clause issue here." DBSI, 869 F.3d at 1015 (citation omitted).

Since § 544(b)(1) is a federal cause of action to recover property fraudulently transferred by a debtor, there is no conflict between state and federal law which might give rise to a preemption argument. The Trustee's cause of action under § 544(b)(1) is not preempted by the IRC.

The IRS also argues that IRC § 7422 (26 U.S.C. § 7422) prohibits the Trustee's recovery

15

of a fraudulent transfer under § 544(b)(1). Section 7422 of the IRC governs civil actions for refunds. The statute states, in relevant part:

> No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422.

This Court finds that this statute has no applicability to a suit brought by a bankruptcy trustee to recover a fraudulent transfer under § 544(b)(1). The Trustee is not seeking a tax refund, the Trustee is seeking to recover property that Debtor should have used to pay her own creditors. *See DBSI*, 869 F.3d at 1004, n. 14 (IRC § 7422 "simply has no bearing on [our] interpretation of sections 544 and 106" because the trustee is not standing in the shoes of the debtor seeking a refund, the trustee is standing in the shoes of a creditor seeking to recover property fraudulently transferred); *See also VMI Liquidating Trust v. U.S. (In re Valley Mortg., Inc.),* 2013 WL 5314369 (Bankr. D. Colo. Sept. 18, 2013)("Under its express terms, IRC § 7422 is applicable when taxes have been improperly assessed or are not otherwise properly due. Such is not the case here"). Because the Trustee's suit is a suit to recover money fraudulently transferred by Debtor, § 7422 is not applicable to the Trustee's fraudulent transfer action against the IRS.

### IV. Conclusion

For the reasons stated above, this Court concludes that: (1) the IRS's sovereign immunity

has been abrogated with regards to the Trustee's suit under 11 U.S.C. § 544(b)(1); and (2) the Trustee's fraudulent transfer action under 11 U.S.C. § 544(b)(1) is not preempted by the Supremacy Clause of the U.S. Constitution. The IRS's Motion to Dismiss the Trustee's claim under § 544(b)(1) is denied.

The Court recognizes that the parties have raised issues regarding whether preemption bars the Trustee's claim under 11 U.S.C. § 544(a)(1) and, whether the IRS can be considered a subsequent transferee under 11 U.S.C. § 550. The Court finds that those issues have not been fully briefed, and in light of the Court's ruling regarding the Trustee's claim under 11 U.S.C. § 544(b)(1), the Court need not address those issues at this time.

**Signed on April 18, 2018**

/s/ Marci B. McIvor
**Marci B. McIvor**
**United States Bankruptcy Judge**